UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICANDRO GARCIA PEREZ,

Petitioner,

v.

ICE FIELD OFFICE DIRECTOR et al.,

Respondents.

CASE NO. 2:26-cv-03606-DGE

ORDER DENYING PETITIONER'S WRIT FOR HABEAS CORPUS (DKT NO. 7)

Before the Court is Petitioner's amended petition for writ of habeas corpus. (Dkt. No. 7.) For the following reasons, the Court DENIES the petition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

Petitioner, a citizen of Mexico, entered the United States as a minor in 2000. (Dkt. No. 7 at 2.) Petitioner has two minor children who are citizens of the United States. (*Id.*)

On February 6, 2025, Petitioner was convicted of possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A) and sentenced to 46 months in federal prison. (Dkt. Nos. 7 at 2; 13-1 at 3.)

Petitioner was transferred to the Northwest Immigrant Processing Center ("NWIPC") on June 11, 2026 directly from Bureau of Prisons custody. (Dkt. Nos. 12 at 2; 13-1 at 3.) Petitioner has been in custody at NWIPC since. (Dkt. Nos. 7 at 1; 12 at 2.)

Petitioner had previously been held in immigration custody from August 20 to August 24, 2012 following an arrest for burglary. (Dkt. No. 12 at 2) Petitioner was released on bond. (*Id.*)

Petitioner's immigration proceedings had previously been administratively closed by an Immigration Judge ("IJ") on February 4, 2016. (*Id.*) On June 25, 2026, an IJ re-calendared the administratively closed proceedings and changed venue to Tacoma, Washington, though the Tacoma Immigration Court had not yet scheduled a hearing for Petitioner as of October 29, 2026. (*Id.*)

**B. Procedural Background**

Petitioner, proceeding pro se, filed a writ for habeas corpus on September 21, 2026. (Dkt. No. 1.) Because of deficiencies in Petitioner's original petition, this Court directed Petitioner to file an amended petition. (Dkt. No. 4.) Petitioner filed an amended petition on October 9, 2026. (Dkt. No. 7.) Petitioner states his present detention violates due process and is prolonged as there is no likelihood of imminent removal. (*Id.* at 2–5.) Petitioner requests this Court order Respondents to release him and prohibit re-detaining him absent an individualized determination consistent with due process. (*Id.* at 5.) Petitioner also filed a motion to appoint counsel on October 22, 2026. (Dkt. No. 10.) Respondents filed a return on October 29, 2026, arguing Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c) and due process

does not require a bond hearing. (Dkt. No. 11.) Petitioner filed a traverse on November 19, 2026. (Dkt. No. 14.)

## II. ANALYSIS

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. CONST., Art. I, § 9, cl. 2). To succeed on his habeas petition, Petitioner "must show [he] is in custody in violation of the Constitution or laws or treaties of the United States." *Doe v. Bostock*, Case No. 24-cv-0326-JLR-SKV, 2024 WL 3291033, at *5 (W.D. Wash. Mar. 29, 2024), *report and recommendation adopted*, 2024 WL 2861675 (W.D. Wash. June 6, 2024) (citing 28 U.S.C. § 2241).

"Since *Demore*, courts have found that a noncitizen's detention, even if mandatory under 8 U.S.C. § 1226(c), can still be unlawful if it is unreasonably prolonged under the Due Process Clause." *Smbat v. ICE Field Off. Dir.*, Case No. 2:26-cv-00818-JHC, 2026 WL 1842663, at *2 (W.D. Wash. June 26, 2026) (discussing *Demore v. Kim*, 538 U.S. 510 (2003)) (collecting cases). In this district, courts apply the test from *Martinez v. Clark*, Case No. 18-cv-1669-RAJ-MAT, 2019 WL 5968089 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019), which considers the following factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) whether the detention will exceed the time the petitioner spent in prison for the crime that made him removable; (4) the nature of the crimes the petitioner committed; (5) the conditions of detention; (6) delays in the removal proceedings caused by the petitioner; (7) delays in the removal proceedings caused by the government; and (8) the likelihood that the removal proceedings will result in a final order of removal.

*Martinez*, 2019 WL 5968089, at *7.

Respondents state because of Petitioner's criminal conviction, he is held via mandatory detention under 8 U.S.C. § 1226(c). (Dkt. No. 11 at 2–3.) The Court agrees. Petitioner's

February 6, 2025 conviction for possession with intent to distribute five kilograms or more of cocaine is an aggravated felony under 8 U.S.C. § 1101(a)(43)(B). *See Tellez-Ramirez v. Garland*, 87 F.4th 424, 431 (9th Cir. 2023) (holding that a state analogue to § 841(a) constitutes an aggravated felony).

Petitioner's claims for prolonged detention must be analyzed using the *Martinez* factors as Petitioner is mandatorily detained under 8 U.S.C. § 1226(c). The Court thus takes each of the *Martinez* factors in turn.

**A. Length of Detention**

The length of detention is the "most important factor[.]" *Martinez*, 2019 WL 5968089, at *9. "'Under this factor, the longer mandatory detention continues under 8 U.S.C. § 1226(c) beyond the "brief" period authorized in *Demore*, the harder it becomes to justify without conducting an individualized bond hearing.'" *Smbat*, 2026 WL 1842663, at *3 (quoting *Sarr v. Scott*, 765 F. Supp. 3d 1091, 1098 (W.D. Wash. 2025) (Mem.). There is no "bright-line rule" for when detention becomes unreasonable. *See Sarr*, 765 F. Supp. 3d at 1098 (citing *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 963–964 (D. Minn. 2019)).

In this case, Petitioner has been detained for approximately five months. (Dkt. No. 12 at 2) (Petitioner taken into ICE custody on June 11, 2026). This approximates the period found to be reasonable in *Demore*. *See* 538 U.S. at 531 (finding up to sixth months' immigration detention to be "a constitutionally permissible part of [the removal] process"); *see also Gonzalez-Valenzuela v. Hernandez*, Case No. 2:26-cv-03070-TL, 2026 WL 3257863, at * 3 (W.D. Wash. Oct. 29, 2026). Therefore, the first factor favors Respondents.

**B. Likely Duration of Future Detention**

Next, the Court "considers how long the detention is likely to continue absent judicial intervention; in other words, the anticipated duration of all removal proceedings including administrative and judicial appeals." *Martinez*, 2019 WL 5968089, at *9. As of Novembre 13, 2026, the date Petitioner's traverse was signed, Petitioner's removal proceedings remain pending before the Tacoma Immigration Court and no hearing had been scheduled. (Dkt. No. 14 at 3.) Petitioner states he indicates to file an appeal with the Board of Immigration Appeals ("BIA") and Ninth Circuit if he is found removable by an IJ. (Dkt. No. 7 at 4.) The time required for the immigration court to reach a decision, and then any potential exhaustion before the BIA and the judiciary, could well take years. *See Ferril v. Scott*, Case No. 2:26-cv-03161-JHC, 2026 WL 3015397, at *2 (W.D. Wash. Oct. 2, 2026); *see also Juarez v. Wolf*, Case No. 20-cv-1660-RJP-MLP, 2021 WL 2323436, at *5 (W.D. Wash. May 5, 2021), *report and recommendation adopted*, 2021 WL 2322823 (W.D. Wash. June 7, 2021). Although somewhat speculative, the Court therefore finds the second *Martinez* factor is in Petitioner's favor.

**C. Criminal History**

"Under the third and fourth factors, the Court reviews the length of civil detention compared to Petitioner's criminal sentence, and the nature of his crime." *Smbat*, 2026 WL 1842663, at *3. These factors are "suggestive of whether [Petitioner] is a danger to the community or a risk of flight[.]" *Juarez*, 2021 WL 2323436, at *5. Here, Petitioner was convicted of possession with intent to distribute five kilograms or more of cocaine and sentenced to 46 months in federal prison. (Dkt. Nos. 7 at 2; 13-1 at 3.) Petitioner has been detained at NWIPC for approximately five months. (Dkt. No. 12 at 2.) Comparing the length of civil detention to Petitioner's criminal sentence thus favors Respondents.

Respondents argue "the nature and seriousness" of Petitioner's offense places the fourth *Martinez* factor in their favor. (Dkt. No. 11 at 7.) Recognizing the seriousness of controlled substance violations, and that Petitioner's offense subjects him to mandatory detention under § 1226(c), the Court agrees.

**D. Conditions of Detention**

"'The more that the conditions under which the [non-citizen] is being held resemble penal confinement, the stronger [the] argument that he is entitled to a bond hearing.'" *Juarez*, 2021 WL 2323436, at *6 (citation modified). Petitioner contends that conditions at NWIPC are punitive and therefore render the civil detention unlawful, citing *Jones v. Blanas*, 393 F.3d 918, 933–934 (9th Cir. 2004). (Dkt. No. 7 at 3.) Petitioner states these conditions include "very restricted movement, sleep deprivation through the use of 24 hour lighting, poor food and water quality, unsanitary bathroom conditions, and intermittent linen exchange" as well as group punishment practices. (*Id.*) Respondents state, "Petitioner's generalized allegations about conditions at the NWIPC do not show that the conditions are punitive or that they render the detention unreasonably prolonged." (Dkt. No. 11 at 7.)

In line with Petitioner's description, other courts in this district have characterized the conditions at NWIPC as "'that of a prison[.]'" *Smbat*, 2026 WL 1842663, at *4 (quoting *Shevchuk v. Scott*, Case No. 2:26-cv-01408-SAB, 2026 WL 1413609, at *2 (W.D. Wash. May 20, 2026). This factor therefore weighs in Petitioner's favor.

**E. Delays in Removal Proceedings**

Under the sixth and seventh factors, the Court considers "the nature and extent of any delays in the removal proceedings caused by petitioner and the government, respectively."

*Martinez*, 2019 WL 5968089, at *10 (citation modified). Respondents do not allege any delays attributable to Petitioner. (Dkt. No. 11 at 7.) This factor is therefore neutral.

However, there have been delays caused by the government. On June 25, 2026, an IJ re-calendared the Petitioner's administratively closed proceedings and changed venue to Tacoma, Washington, and four months later Petitioner still had not had a hearing before the Tacoma immigration court. (Dkt. Nos. 12 at 2; 14 at 3–4.) Even though "there is no evidence to suggest the Government has engaged in deliberate delay tactics . . . . courts have found this factor weighs in favor of the petitioner even when delays are not the result of an intentional action on behalf of the Government." *Wang v. Scott*, Case No. 2:26-cv-03473-GJL, 2026 WL 3150795, at * 5 (W.D. Wash. Oct. 21, 2026) (citing *Martinez*, 2019 WL 5968089, at *10; *Chekhovskii v. Scott*, Case No. 2:25-cv-02550-TLF, 2026 WL 353265, at *5 (W.D. Wash. Feb. 9, 2026)). This factor thus weighs slightly in Petitioner's favor.[1]

**F. Likelihood of Final Order of Removal**

"Finally, the Court considers the likelihood that the removal proceedings will result in a final order of removal." *Smbat*, 2026 WL 1842663, at *5 (citing *Martinez*, 2019 WL 5968089, at *10). "Where a noncitizen has not asserted any grounds for relief from removal, presumably the noncitizen will be removed from the United States, and continued detention will at least marginally serve the purpose of detention, namely assuring the noncitizen is removed as ordered." *Martinez*, 2019 WL 5968089, at *10 (citations omitted). Respondents state this factor weighs in their favor because "[t]he likelihood of a final order of removal is substantial given the

[1] Petitioner's length of detention without a scheduled hearing does raise concerns. It may be that because the removal proceedings were recently transferred to the Tacoma Immigration Court the delay is not unreasonable. However, Petitioner' continued detention without a scheduled hearing may eventually support habeas relief on its own.

nature of the offense." (Dkt. No. 11 at 7.) Petitioner has provided little information about the merits of his case or what his possible grounds are for relief from removal. However, he does state he intends to pursue his case through appeals. (Dkt. No. 7 at 4.) Although the ultimate resolution may be speculative, Petitioner's conviction does appear to support his removal from the United States. Because Petitioner does not identify possible grounds for relief from removal, this last factor weighs slightly in Respondents' favor.

Reviewing the above, the Court finds four factors favor Respondents, three factors favor Petitioner, and the remaining factor is neutral. Notably, the most important factor, the length of detention, favors Respondents. Petitioner's criminal history also weighs strongly in Respondents' favor. Weighing these factors at this time, the Court concludes that Petitioner's mandatory detention without a bond hearing has not become unreasonable.

## III. CONCLUSION

Petitioner fails to show his entitlement to an individualized bond hearing or that his detention has become unconstitutionally prolonged. Therefore, the Court DENIES Petitioner's petition for writ of habeas corpus. (Dkt. No. 7.) Petitioner's motion to appoint counsel (Dkt. No. 10) is denied as moot. The Clerk is directed to close the matter.

Dated this 23rd day of November, 2026.

David G. Estudillo
United States District Judge